**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PATRICIA SCUTIER, as conservator of the Estate of Edward J. Gage, | ) ) ) | 3:14-cv-00377-HDM-VPC |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| LESLIE S. KING, and LORI D. KING, | ) ) | |
| Defendants. | ) ) | |

Plaintiff Patricia Scutier, as conservator for the estate of Edward J. Gage, filed this suit against the defendants Lori and Leslie King on July 17, 2014. The complaint alleges that, through undue influence and exploitation, the defendants convinced the elderly and vulnerable Gage to purchase and then gratuitously deed to defendants two properties in Nevada, and that Gage lacked the legal capacity at the time to make such a transfer. Plaintiff filed her complaint in federal court on the basis of diversity jurisdiction. On September 29, 2014, the defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction, arguing that diversity jurisdiction does not exist.

1

1  Defendants are citizens of Nevada.  Under 28 U.S.C. §
2 1332(c)(2), the plaintiff's citizenship is determined by the
3 citizenship of the ward, Edward Gage.  Although plaintiff alleges
4 that Gage was a resident of Idaho at the time the complaint was
5 filed, defendants argue that Gage was in fact a resident of Nevada.
6 Thus, they argue, as all parties were citizens of Nevada, diversity
7 jurisdiction does not exist and the court otherwise does not have
8 subject matter jurisdiction over this action.
9  At the time the complaint was filed, Gage was residing in
10 Nevada, having moved there from Idaho in September 2013.  Plaintiff
11 asserts that despite this, Gage remained a resident of Idaho as he
12 had lived there most of his life, retained his residence there, and
13 planned only to spend the winters in Nevada, intending to return to
14 Idaho in the summers.  Her evidence is testimony Gage provided
15 during a trial into his competency in December 2013 and the
16 declaration of Gage's personal attorney and guardian ad litem.
17 (Doc. #12 (Ossman Decl. & Ex. 1)).  Defendants assert that Gage
18 changed his domicile to Nevada when he moved here.  Their evidence
19 is the declaration of Lola Gage, Gage's wife, who declares that the
20 couple moved to Nevada with plans to remain there indefinitely.
21 (Doc. #8 Ex. 1).
22  Plaintiff asserts that even if Gage changed his domicile in
23 September 2013, there is a bona fide dispute as to whether he was
24 legally competent to do so.  Plaintiff argues that whether Gage was
25 competent to change his domicile is inextricably intertwined with a
26 primary question at issue in this action: whether Gage had the

2

capacity to convey the subject property to the defendants.[1] Defendants respond that plaintiff should be estopped from claiming Gage's residence was in Nevada because, acting as Gage's guardian and conservator, plaintiff moved the court in Idaho for permission to sell Gage's Idaho property. Nevertheless, the defendants do concede that this issue is inextricably intertwined with the merits of this case and should be decided at the same time.

On defendants' estoppel argument, even assuming that plaintiff's attempt to sell Gage's property had the legal effect of changing Gage's domicile, the evidence shows this attempted sale took place in August 2014 – more than a month after this lawsuit was filed. (*See* Doc. #15 Scutier Decl.; Doc. #13 Exs. 2-3). "Diversity of citizenship is determined as of the time of the filing of the complaint." *Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987). Accordingly, on the current record, the court is not persuaded that defendants will be able to prevail on their estoppel argument.

The court concludes that absent discovery the court is unable to determine whether issues of material fact exist on Gage's domicile on the date the complaint was filed and whether Gage was legally competent to change his domicile on or before July 17, 2014. The defendants' motion to dismiss for lack of subject matter jurisdiction (#8) is therefore **DENIED WITHOUT PREJUDICE** to renew at

---

[1] Plaintiff's position in her opposition appeared to be that to the extent there is a question of fact on the jurisdictional issue it should not be decided at this stage of litigation given that it is closely related to merits issues. (*See* Opp'n 9-10). However, plaintiff also moved the court, in the alternative, for discovery and/or an evidentiary hearing on the issue of Gage's domicile, and in her reply to that motion, plaintiff's position is the issue should be decided now and not in conjunction with a determination of this case on the merits.

3

the close of discovery as a motion for summary judgment. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Plaintiff's motion for an evidentiary hearing or discovery (#15) is **DENIED** insofar as it seeks discovery separate from the discovery that will proceed in the normal course in this case.

IT IS SO ORDERED.

DATED: This 30th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE